# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ROBERT ARREDONDO JR., § | |
|     Petitioner, § | |
| § | |
| V. § | A-07-CA-053-SS |
| § | |
| NATHANIEL QUARTERMAN,[1] § | |
| Director, Texas Dept. of Criminal Justice- § | |
| Correctional Institutions § | |
| Division, § | |
|     Respondent. § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and memorandum in support thereof (Document 2). Petitioner, proceeding pro se, has paid the filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

---

[1] Although Petitioner named John Rupert and Joseph Wilson as Respondents, Nathaniel Quarterman, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

## I. STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas. Petitioner asserts on June 21, 1994, he pleaded guilty to aggravated robbery and was sentenced to 10 years in prison. Petitioner believed his sentence would run concurrently with a 50-year sentence he was serving. Petitioner later discovered his 10 year-sentence would run consecutively to the 50-year sentence.

Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. According to Petitioner, he filed his state application on July 6, 2005, and the Texas Court of Criminal Appeals denied it on May 24, 2006.

B.   **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His guilty plea was involuntary because he was under the influence of "psycotic medication;" and the court failed to inquire about Petitioner's mental state;

2. He received ineffective assistance of counsel because counsel failed to file a motion to dismiss and for speedy trial and investigate Petitioner's alibi; and

3. He now has documents to prove he was detained in Mexico on the date of the crime.

## II. DISCUSSION AND ANALYSIS

A.   **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[2] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

---

[2] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final prior to the enactment of the AEDPA.  The Fifth Circuit Court of Appeals has addressed the applicability of the limitations provision to habeas applications filed after the enactment of the AEDPA attacking convictions which became final prior thereto in United States v. Flores, 135 F.3d 1000 (5th Cir. 1998).  The Flores court determined that prisoners must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief.  Id. at 1005.  The Court concluded that petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, to file for relief.  Id. at 1006. The Fifth

Circuit joined the Seventh, Ninth, and Tenth Circuits in holding that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief. Id. While the Flores opinion concerned the limitations provision for filing motions pursuant to 28 U.S.C. § 2255, the reasonable time for filing applications for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be the same. Therefore, Petitioner's application, to be timely, would have had to have been filed on or before April 24, 1997.

Petitioner did not execute his federal application for habeas corpus relief until December 18, 2006, long after the one-year grace period had expired. Petitioner's state application for habeas corpus relief does not operate to toll the limitations period, because it also was filed after the expiration of the grace period.

Petitioner implies he is actually innocent and states he received two letters from the Justice Department in Mexico, showing he was detained in Piedras Negras, Coahuila from October 8, 1989 until October 20, 1989. Petitioner argues this proves he could not have committed the offense in question on October 12, 1989.

The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). The Fifth Circuit has previously held that such claims do not. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent."); Molo v.

Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

Petitioner was not prevented from filing a habeas corpus application merely because he had not received the two letters from the Mexican Justice Department. Petitioner asserts he did not receive such letters until March 19, 2006. However, Petitioner had previously filed his state application on July 6, 2005, without the letters. Furthermore, the March 2006 letter, attached to Petitioner's memorandum filed in support of his federal application for habeas corpus relief, indicate Petitioner was detained in the month of October 1989. The letter does not specify the dates he was detained. The November 2005 letter, also attached to Petitioner's memorandum, indicates Petitioner was detained on October 20, 1989. As such, the letters do not establish an alibi for Petitioner if the crime was committed on October 12, 1989. Accordingly, Petitioner's claim of innocence does not preclude the dismissal of his petition as untimely.

In addition, Petitioner asserts in his memorandum that he discovered in February 2005, that his 10-year sentence would not begin to run until he was paroled on his 50-year sentence. It is not clear whether Petitioner is making a claim that counsel advised him incorrectly regarding his sentence. Regardless, the limitations period begins to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. Petitioner claims he did not discover that his sentence would be served consecutively until more than ten years after he was sentenced. Had Petitioner exercised due diligence in this case, he certainly could have discovered his sentence was consecutive long before 2005.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of one-year grace period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred and all pending motions be dismissed as moot.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of March, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE